**IN THE COURT OF APPEALS OF IOWA**

No. 19-1262
Filed April 28, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JEREMY DAVIS,**
      Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton,
District Associate Judge.


        Jeremy Davis appeals after pleading guilty to one count of voluntary
absence from custody.  **APPEAL DISMISSED.**


        Nate Nieman, Rock Island, Illinois, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee.


        Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Jeremy Davis pled guilty to one count of voluntary absence from custody, a serious misdemeanor, in violation of Iowa Code section 719.4(3) (2018). The district court accepted his plea and entered judgment and sentence on July 2, 2019. Davis appeals, alleging there was not a factual basis for his plea and that his plea counsel provided ineffective assistance as a result. Because judgment was entered after July 1, 2019, the State argues recent statutory amendments apply and Davis's appeal should be dismissed. We agree.

In 2019 the Iowa legislature passed several statutory changes affecting appellate courts' jurisdiction of appeals. *See State v. Boldon*, 954 N.W.2d 62, 66 (Iowa 2021). Iowa Code section 814.6(1)(a)(3), as amended, prohibits appeals from guilty pleas unless the defendant pled guilty to a class "A" felony or the defendant establishes good cause. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (Supp. 2019)). Iowa Code section 814.7, as amended, eliminates direct-appeal ineffective-assistance-of-counsel claims. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7).

These amendments took effect on July 1, 2019. *See* Iowa Code section 3.7(1) ("All acts . . . shall take effect on the first day of July following their passage . . . ."). They apply prospectively only. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Our supreme court has held the "date of the *judgment* being appealed controls the applicability of the amendment to section 814.6." *State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) (emphasis added). The date of judgment and sentence here is July 2, 2019—after the July 1, 2019 effective date—thus the amendments govern. *See Boldon*, 954 N.W.2d at 68-69 (judgment

and sentence entered on July 1, 2019); *Damme*, 944 N.W.2d at 103 ("The amendment plainly applied to Damme's appeal because her judgment and sentence were entered on July 1, 2019."); *cf. State v. El-Amin*, 952 N.W.2d 134, 137 n.1 (Iowa 2020) (addressing ineffective-assistance-of-counsel claim for alleged lack of factual basis and noting, "[b]ecause the district court entered El-Amin's judgment of conviction and sentence *before* July 1, 2019, this case is not governed by the amendments that year to Iowa Code sections 814.6 and 814.7 restricting appeals from guilty pleas and ineffective-assistance-of-counsel claims").

Having concluded section 814.6(1)(a)(3) applies here, we look to whether Davis has established good cause to pursue the appeal as a matter of right. A defendant "bears the burden of establishing good cause to pursue an appeal of [a] conviction based on a guilty plea." *Damme*, 944 N.W.2d at 104. "Good cause" is not defined in the statute, but the supreme court stated it means "legally sufficient reason." *Id.* "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105. Davis challenges his plea, not his sentence. Thus, he has not established good cause to appeal. We have no jurisdiction to hear the claim.

Under Iowa Code section 814.7, this court is unable to review Davis's ineffective-assistance-of-counsel claim. *State v. Swift*, 955 N.W.2d 876, 881 (Iowa 2021) ("Senate File 589 amended Iowa Code section 814.7 to disallow resolution of ineffective-assistance-of-counsel claims on direct appeal."); *accord State v. Mousty*, No. 19-1588, 2021 WL 1399208, at *1 (Iowa Ct. App. Apr. 14, 2021); *State v. Armsted*, No. 19-1883, 2021 WL 1016575, at *4 n.4 (Iowa Ct. App. Mar. 17, 2021) (noting the defendant "was sentenced in November 2019; so section

814.7 applies"); *State v. Montgomery*, No. 19-1613, 2021 WL 596107, at *7 (Iowa Ct. App. Feb. 3, 2021) ("Disposition was not entered in [the defendant's] case until September 2019. So Iowa Code section 814.7 (Supp. 2019), which took effect on July 1, 2019, controls." (citations omitted)).

With no jurisdiction to hear the appeal, we dismiss it.

**APPEAL DISMISSED.**